UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LARRY HUMPHREYS, II | CIVIL ACTION NO. 06-cv-2358 |
| VERSUS | JUDGE JAMES |
| STEVE PYLANT, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Larry Humphreys, II ("Plaintiff") filed this pro se civil rights action arising out of alleged events that occurred at the Franklin Parish Detention Center while Plaintiff was serving a DOC sentence in that facility. Plaintiff alleges in his amended complaint that on December 11, 2005 he passed out a couple of times, possibly related to blood pressure or other health problems. Plaintiff alleges that he was not afforded proper medical care, and one deputy punched him in the face and broke his jaw. Another deputy used a Taser-type device on Plaintiff, and a third deputy kicked Plaintiff in his ribs. Plaintiff alleges that he was later transported to the hospital, where he received extensive treatment, and later spent two months recovering in the jail's infirmary.

After Plaintiff filed an amended complaint, Magistrate Judge Karen Hayes ordered that the suit be served on the defendants. Evidence of service was filed, and Plaintiff filed a Motion for Default Judgment (Doc. 17). Magistrate Judge Hayes entered an order directing the clerk to enter a preliminary default as to the non-responding defendants. About 30 days later, attorney Thomas M. Hayes, III (who is related to Magistrate Judge Hayes) filed an

Answer and Motion to Set Aside Default (Docs. 18 and 19) on behalf of several defendants. Magistrate Judge Hayes immediately recused herself from the case. District Judge James later entered an order (Doc. 21) that set aside the default.

Defendants filed a Motion for Summary Judgment (Doc. 22) on the grounds that Plaintiff did not exhaust his administrative remedies prior to filing this civil action. The motion was noticed for briefing. Plaintiff did not file a memorandum in opposition, but he did file some rather confusing submissions entitled Motion for Establishment of Pro Se Protectional Procedural Criteria in Lieu of Uncorrected Undisclosed Procedural Patent Error (Doc. 24) and Motion in Lieu of Extraordinary U.S. District Court Default Sequence (Doc. 25). All of those motions are now ripe for decision.

**Exhaustion of Administrative Remedies**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statute's reference to actions "with respect to prison conditions" is interpreted broadly and includes those actions that allege the use of excessive force or denial of medical care. Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). The statute requires proper exhaustion in accordance with prison or jail procedures. Woodford v. Ngo, 126 S.Ct. 2378 (2006).

Chad Lee, warden of the Franklin Parish Detention Center, testifies by affidavit that the sheriff of Franklin Parish adopted an administrative remedy procedure for the purpose

of resolving complaints and grievances by prisoners in the detention center. Lee adds that he has under his control a record of grievances filed by inmates at the detention center, he has reviewed those records, and he finds no record that Plaintiff ever filed a grievance or otherwise went through the administrative procedure with respect to the incidents alleged in his complaint.

Plaintiff's submissions do not include competent summary judgment evidence (or even the articulation of specific facts) that could create a genuine issue with respect to whether Plaintiff exhausted his available administrative grievance before he filed this suit. Rather, Plaintiff's submissions complain about Judge James setting aside the default, ask that this case be sent to the state bar association, request copies of documents from state court suits filed in Texas and Louisiana that have no apparent connection to this case, and ask for the initiation of a murder investigation regarding the alleged death of a detention center inmate named Edward Carmouche, III. The submissions do mention some administrative grievances filed at the Elayn Hunt Correctional Center and the Forcht Wade Correctional Center in 2007 and 2008, but there is no apparent connection between those grievances and this suit.

Defendants filed a reply memorandum that is supported by another affidavit from Warden Lee. Lee testifies that Plaintiff was transferred from the detention center on February 24, 2006. Inmate Edward Carmouche, III did not arrive at the detention center until February 27, 2006. Carmouche was transferred to another facility a few months later, and

he was alive at the time of that transfer. Because of the confusing nature of Plaintiff's submissions, Lee reviewed the file of inmate Carmouche and found that it contained no grievance made by Plaintiff or any papers that reflect any kind of administrative review initiated by Plaintiff. Lee repeats that Plaintiff never filed a grievance or initiated any administrative review procedure with respect to the incident that he alleges in his complaint.

Plaintiff has failed to create a genuine issue of material fact. The uncontested summary judgment evidence submitted by Defendants establishes that Plaintiff did not properly exhaust the administrative remedies in place at the detention center before he filed this civil action. Plaintiff's case may not go forward under these circumstances.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Establishment of Pro Se Protectional Procedural Criteria in Lieu of Uncorrected Undisclosed Procedural Patent Error (Doc. 24) and the Motion in Lieu of Extraordinary U.S. District Court Default Sequence (Doc. 25) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 22) be **granted** and that all of Plaintiff's claims be **dismissed with prejudice** for failure to properly exhaust administrative grievances and because the claims would now be time barred.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of April, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE