RECEIVED
IN MONROE, LA

JUL 2 1 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LARRY HUMPHREYS, II | CIVIL ACTION NO. 3:06CV2358 |
| VERSUS | JUDGE JAMES |
| STEVE PYLANT, ET AL | MAGISTRATE JUDGE HORNSBY |

## RULING

This is a civil rights action brought by plaintiff, acting *pro se*. On April 25, 2008, the

Magistrate Judge issued a report, recommending that plaintiff's claims against the remaining

defendants, except Steve Pylant,[1] be dismissed with prejudice for failure to exhaust his

administrative remedies and because the claims would now be time-barred. The Magistrate

Judge further recommended dismissal of plaintiff's claims for miscellaneous relief.

On June 2, 2008, the Court adopted the Report and Recommendation and issued a

Judgment dismissing plaintiff's claims.

On June 4, 2008, the Clerk of Court sent the Court's June 2, 2008 Judgment to plaintiff at

Elayn Hunt Correctional Center, his last known place of confinement. The envelope containing

the Judgment was returned to the Clerk of Court on June 13, 2008, with a notation:

"rts/attempted not known/unable to forward/not at EHCC."

Local Rule 41.3W, in pertinent part, provides:

> The failure of an attorney or *pro se* litigant to keep the Court
> apprised of an address change may be considered cause for

---

[1] There is no evidence in the record that Mr. Pylant has been served. Plaintiff's failure to effect service on Mr. Pylant is a separate basis for dismissal of the case, but the Court need not reach that issue.

dismissal for failure to prosecute when a notice is returned to the
Court for the reason of an incorrect address and no correction is
made to the address for a period of 30 days.

In the present case, the Judgment was returned to the Clerk of Court as undeliverable on

June 13, 2008. Plaintiff failed to advise the Court of his new address by July 14, 2008. The 30-

day period within which plaintiff was required to notify the Court of his new address has expired.

Accordingly, the Court finds that plaintiff has failed to prosecute his case. Plaintiff's remaining

claims against Steve Pylant are hereby DISMISSED WITHOUT PREJUDICE pursuant to Rule

41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3W for failure to prosecute.

MONROE, LOUISIANA this 18 day of July , 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE